UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON L. ANDREWS,

     Plaintiff,

v.                                CASE No. 8:04-CV-2735-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security does not address whether the plaintiff's impairments will cause her to miss work an unacceptable number of times, the decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has the equivalent of a high school education

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 6).

(Tr. 42), has been employed as a salesperson, waitress, cashier and office worker (Tr. 102). She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to arthritis, headaches, moderate spondylosis in her neck, fibromyalgia, exhaustion, colitis, chronic and asthmatic bronchitis, severe allergies, depression, anxiety, panic attacks, muscle spasms and difficulty in sleeping (Tr. 101). The claims were denied initially and upon reconsideration.

    The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of fibromyalgia, chronic back pain, asthma, degenerative disc in the cervical spine, colitis, headaches, post traumatic stress syndrome (PTSD) and depression (Tr. 24). He concluded that these impairments restricted the plaintiff to sedentary work involving simple, routine, repetitive tasks in an environment without temperature extremes (Tr. 27). The law judge also included the additional limitations of a sit/stand option with an occasional limitation in bending, stooping, crouching and kneeling, and an occasional limitation in coping with stress and interacting with the public (id.). The law judge determined that these limitations precluded the plaintiff from returning to past work (id.). However, based upon the testimony of a vocational expert,

the law judge decided that there were jobs in the national economy that the plaintiff could perform, such as an assembler (final), a production inspector and a stone setter (Tr. 28). The plaintiff was therefore found to be not disabled (Tr. 30). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's primary impairment appears to be fibromyalgia. Dr. Morris Kutner, a doctor to whom the plaintiff was sent by the Social

Security Administration for a consultative examination, stated that the plaintiff's "claim of chronic pain all over is real and is due to her fibromyalgia" (Tr. 198). The Eleventh Circuit has noted that the hallmark for this impairment is a lack of objective evidence. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).

      The law judge also recognized that the plaintiff has mental impairments of post traumatic stress syndrome and depression (Tr. 24). However, the law judge could reasonably conclude from the evidence that these impairments imposed just moderate limitations. He sufficiently addressed those limitations in his determination of the plaintiff's residual functional capacity by restricting her to simple, routine repetitive tasks with an occasional limitation for coping with work stress and interacting with the public (Tr. 29). In other words, the law judge has reasonably and adequately addressed the plaintiff's mental impairments.[2]

---

[2] In this respect, it is noted that the plaintiff objects to the rejection of the opinion of Paul Sandman, Ed.D. Dr. Sandman opined that "[i]t is extremely unlikely that [the plaintiff] will be able to work now or later in her life because of her overly restrictive physical and mental health condition" (Tr. 207). Significantly, the law judge discounted this opinion because Dr. Sandman's opinion consists of a one-page letter without further evidence to support his statement (Tr. 25-26). Moreover, the law judge explained that there was no evidence indicating that these symptoms had lasted for a continuous period of twelve months (Tr. 26). He could have added that Dr. Sandman based his opinion to some extent on the plaintiff's physical condition, which appears to be outside his area of expertise. The law judge's discounting of this opinion was therefore reasonable.

The plaintiff, however, has touched upon a deficiency in the assessment of her fibromyalgia. A treating physician, Dr. Vrajlal L. Rajyaguru, has submitted a document entitled Fibromyalgia Residual Functional Capacity Questionnaire (Tr. 396). The plaintiff argues that the law judge erred in his evaluation of that document. Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Rajyaguru opined in the assessment that the plaintiff can only sit for fifteen minutes, stand for ten minutes, that she needs to walk for three minutes every fifteen minutes and that she requires unscheduled breaks during a work day (Tr. 400-01). Moreover, Dr. Rajyaguru opined further that the plaintiff had "good days" and "bad days" and that on average she was likely to be absent from work about twice a month (Tr. 403).

The law judge discussed Dr. Rajyaguru's assessment and appeared to discount it, although he did not say so expressly (Tr. 26). It is

questionable whether the law judge has provided good cause for the apparent discounting of Dr. Rajyaguru's opinions. Thus, the law judge considered it significant that Dr. Rajyaguru treated the plaintiff only conservatively and the plaintiff has had no surgery (id.). However, Dr. Rajyaguru, who is a pain management specialist, has employed a series of nerve blocks (Tr. 404-14). Further, the law judge did not explain what surgery is available for fibromyalgia.

Regardless of whether the law judge's comments on Dr. Rajyaguru's opinions are sufficient, in general, to justify discounting those opinions, there is one aspect of the opinions that did not receive the specific explanation that was required. As indicated, Dr. Rajyaguru stated that the plaintiff had good days and bad days, and that she would miss work due to her impairments, on average, about twice a month (Tr. 403). The law judge acknowledged this opinion, but said nothing about it (Tr. 26; see also Tr. 24).

Moreover, there is nothing in the law judge's general discussion of Dr. Rajyaguru's opinions that would warrant discounting the opinion that the plaintiff would miss about two days per month due to her impairments. Under these circumstances, it must be accepted as true, at least for the present

review, that the plaintiff will miss work about twice a month. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The question then becomes what effect upon the plaintiff's ability to work arises from her missing work twice a month. Unfortunately, the record does not answer that question. The vocational expert was asked about the effect upon the plaintiff's ability to be employed if she missed three or more days per month, and the expert responded that that circumstance "would be unacceptable parameters by employers" (Tr. 64). The expert was not asked about missing two days per month. Under these circumstances, I am unable to determine whether the finding that the plaintiff is not disabled is supported by substantial evidence. Consequently, a remand is warranted.[3]

In light of the remand, the plaintiff's other contentions will be addressed only briefly. The argument that the law judge should have recontacted the plaintiff's physicians to see whether the plaintiff met, or equaled, an Appendix 1 listing is unpersuasive, since the plaintiff could

---

[3] It is appropriate to acknowledge that I am influenced on this point to some extent by testimony in at least one other Social Security case from a vocational expert that an individual could not be employed performing simple unskilled work if the person missed work twice a month. I do not purport to take judicial notice of such testimony, but the prior testimony does indicate to me that a remand for development of this issue would not be based simply upon sheer speculation of favorable testimony.

have adduced such evidence, if, in fact, there is any. In all events, the plaintiff can pursue this issue on remand.

In addition, contrary to the plaintiff's contention, the law judge could reasonably discount the plaintiff's subjective complaints as exaggerated. In particular, he could rationally conclude that the plaintiff's activities of daily living contradict her claim of twenty-five bad days a month (Tr. 27).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 15th day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE